Singh v. Barr

BIA
Christensen, IJ
A208 198 816

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand twenty.

PRESENT:
        SUSAN L. CARNEY,
        MICHAEL H. PARK,
        WILLIAM J. NARDINI,
          *Circuit Judges.*

_____

AMANDEEP SINGH, AKA AMAN THAPA,
        *Petitioner,*

        v.                            18-2397
                                       NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Jaspreet Singh, Esq., Jackson Heights, NY.

FOR RESPONDENT:        Ethan P. Davis, Acting Assistant Attorney General; Leslie McKay, Senior Litigation Counsel, Siu P. Wong, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Amandeep Singh, a native and citizen of India, seeks review of a July 19, 2018, decision of the BIA affirming a July 26, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Amandeep Singh,* No. A208 198 816 (B.I.A. July 19, 2018), *aff'g* No. A208 198 816 (Immig. Ct. N.Y. City July 26, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's

2

. . . written and oral statements . . . , the internal consistency of each statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination given inconsistencies in Singh's testimony and between his testimony and letters he provided to corroborate his claim that he was attacked by members of a rival political party on account of his work for the Akali Dal Amritsar Mann Party ("Mann Party").

First, the agency reasonably relied on Singh's inconsistent statements regarding whether Jarnail Singh was his uncle. *See* 8 U.S.C. § 1158(b)(i)(B)(iii). Jarnail Singh provided a letter to corroborate Singh's activities in the Mann Party and that he was targeted by the Akali Dal Badal

Party ("Badal Party"). Singh initially testified that Jarnail was his father's elder brother, but when asked why the letter did not mention that family relationship, Singh testified variously that Jarnail was his father's brother, a "distant relative," and a "brother to all of people in the neighborhood." While Singh asserts that this perceived inconsistency is irrelevant because it does not relate to his claim of persecution, an IJ "may rely on any inconsistency," even one that is "collateral or ancillary." *Hong Fei Gao*, 891 F.3d at 76 (quoting *Xiu Xia Lin*, 534 F.3d at 162); *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) (where "competing inferences" can be drawn, we generally defer to the fact finder).

Second, the agency reasonably relied on Singh's inconsistent statements as to Jarnail's position on the village council. *See* 8 U.S.C. § 1158(b)(i)(B)(iii). Singh testified that Jarnail was a member of the council, not the village sarpanch or leader, but Jarnail's letter stated that he was acting in the capacity of sarpanch. Singh merely repeated that Jarnail was not the sarpanch when asked to explain this discrepancy. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to

4

secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Singh did not exhaust his new argument that this was a "typographical error." *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122–23 (2d Cir. 2007) (holding that we are generally limited to review of issues raised before the agency).

Third, the agency reasonably relied on inconsistencies in Singh's statements as to the source of the letter from the Mann Party. *See* 8 U.S.C. § 1158(b)(i)(B)(iii). The letter was signed by Harvinder Singh. Singh initially testified, however, that Simranjit Singh Mann—the leader of the Mann Party—had signed the letter; Singh later testified that a person who worked for the party had signed the letter; and when asked who that person was, Singh reverted to stating it was Simranjit Singh Mann before finally conceding that he did not know. Although Singh asserts that this issue is immaterial to his claim of persecution, the agency was allowed to rely on it, *see Hong Fei Gao*, 891 F.3d at 76, and the discrepancy undermines the reliability of a letter produced to corroborate the political affiliation that allegedly gave rise to his claim.

Lastly, the agency did not err in finding that Singh

5

failed to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). The agency properly afforded limited weight to Singh's documents because they were not contemporaneous with the alleged events (including the medical documents describing his treatment) and, as discussed above, they were inconsistent with his testimony. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."); *see also In re H-L-H- & Z-Y-Z-*, 25 I.&N. Dec. 209, 215 (BIA 2010) (letters from an alien's friends and family were insufficient to provide substantial support for the alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012). The agency also reasonably declined to credit letters from village members and temple representatives because the letters used identical language. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524

(2d Cir. 2007) (noting that we "ha[ve] firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned'"); *Surinder Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006) (per curiam) (same).

Given the inconsistencies and the lack of reliable corroboration, the adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court